# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOYCE A. SKALA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SUSAN P. LEWIS,<br><br>　　　　　　Defendant. | CASE NO.  4:13CV3163<br><br>MEMORANDUM<br>AND ORDER |

　　　Joyce A. Skala filed a pro-se complaint on September 11, 2013, against Susan P. Lewis.  (ECF No. 1.)  The matter is before the court on the motion of the defendant to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), Rule 12(b)(6), and Rule 9(b), and Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and to substitute the properly named Defendant (Filing No. 18).  The defendant also filed a motion to strike supplemental information filed by the plaintiff (Filing No. 22). As set forth below, the court will grant the defendant's motions and dismiss the complaint.

## BACKGROUND

　　　Skala applied for disability benefits on July 28, 1998, alleging she became disabled on January 22, 1997. *See Skala v. Barnhart*, No. 4:02cv3142 (D. Neb. Nov. 12, 2003). Her applications were denied initially on August 7, 1998, and on reconsideration on December 10, 1998. *Id.* At a hearing on May 14, 1999, it was confirmed that the alleged onset date was the same as that alleged in an earlier application filed on April 22, 1997, which was denied on February 27, 1998. Skala's counsel asked that the claim be reopened. *Id.*

On June 17, 1999, the ALJ issued a favorable decision, finding that Skala was entitled to a period of disability effective January 22, 1997, and that she was eligible for supplemental security income benefits under Title XVI effective August 1, 1998. *Id.* Skala sought a review of the decision, claiming that she had also been disabled between August 30, 1985, and August 2, 1991. The Appeals Council denied the request for review on April 10, 2002. *Id.*

Skala appealed, and in *Skala v. Barnhart*, *supra*, Judge Richard G. Kopf affirmed the ALJ's decision. Judge Kopf found that Skala was prevented from receiving any benefits for the alleged period of disability between August 30, 1985, and August 2, 1991, because Title II benefits can only be received "for up to 12 months immediately before the month in which [the claimant's] application is filed." 20 C.F.R. § 404.621(a)(1), and Title XVI benefits are not payable retroactively. *See* 42 U.S.C. § 1382(c)(7) and 20 C.F.R. § 416.501. *Skala v. Barnhart*, *supra*.

In addition, Judge Kopf noted that a claimant's request to reopen a claim must be made, at the latest, within four years after receiving notice of the initial determination of the claim. *See* 20 C.F.R. § 404.488. For SSI benefits, the corresponding time limit is two years. *See* 20 C.F.R. § 416.1488. *Skala v. Barnhart*, *supra*. Skala did not appeal Judge Kopf's judgment.

The case at bar arises from Skala's complaint, filed almost 10 years later, in which she again asserts that she was entitled to disability benefits for the period from August 30, 1985, to August 2, 1991, and that the Social Security Administration (SSA) committed "fraud." The defendant has filed motions to dismiss, to substitute, and to strike.

**MOTION TO SUBSTITUTE**

Skala named Susan P. Lewis as the defendant in this action. Attached to Skala's complaint is a letter purportedly signed by Lewis as the assistant district manager of the SSA office in Lincoln, Nebraska. (Filing No. 1, p. 1). The defendant asks that Carolyn Colvin, the acting commissioner of the SSA, be substituted as the defendant. (Def.'s Br. on Mot. to Dismiss, p. 7).

The court finds that the defendant's motion should be granted. Pursuant to Fed. R. Civ. P. 21, "the court may at any time, on just terms, add or drop a party." The proper defendant in a case for judicial review of a decision in a matter under the Social Security Act is the Commissioner of the SSA. 20 C.F.R. § 422.210(d). It is clear that Skala's complaint is based on the Commissioner's final decision regarding Skala's request for disability benefits and that Colvin is the proper defendant.

**MOTION TO DISMISS**

The defendant seeks dismissal of the complaint because it is barred by res judicata and because Skala has not alleged fraud with the specificity required by Rule 9(b). (Def.'s Br. on Mot. to Dismiss, p. 2).

*Res Judicata*

The doctrine of res judicata prevents a party from relitigating a claim if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *First Nat. Bank in Sioux Falls v. First Nat. Bank of South Dakota*, 679 F.3d 763, 767 (8th Cir. 2012). "Res judicata bars subsequent applications for [disability benefits] and [supplemental security income]

based on the same facts and issues the Commissioner previously found to be insufficient to prove the claimant was disabled." *Hillier v. SSA*, 486 F.3d 359, 364 (8th Cir. 2007).

Skala alleges in her complaint that she should have received disability benefits for the period from August 30, 1985, to August 2, 1991, and she alleges that her son was also entitled to Social Security benefits during that same period. (*See* ECF No. 1, pp. 1, 5, 10).

In Judge Kopf's 2003 decision, he found that the ALJ's decision should be affirmed because Skala was prevented from receiving benefits for any of the alleged six-year period between 1985 and 1991 because Title II benefits can only be received for up to 12 months immediately before the month in which the application is filed, and Title XVI benefits are not payable retroactively. *Skala v. Barnhart*, *supra*. The application at issue in that case was filed in 1998. The court entered judgment affirming the final decision of the Commissioner on November 12, 2003. *Skala v. Barnhart*, *supra*.

All of the requirements of res judicata have been met. There was a final judgment on the same cause of action which involved the same parties and which was entered by a court of competent jurisdiction. Skala's complaint is barred by res judicata, and the defendant's motion to dismiss for failure to state a cause of action under Rule 12(b)(6) should be granted.

*Fraud*

Skala also raises allegations of fraud in her complaint and claims that five different Social Security numbers have been associated with her name. Rule 9(b) provides that, in alleging fraud, "a party must state with particularity the circumstances

4

constituting fraud or mistake." This means "[t]he plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Freitas v. Wells Fargo Home Mortgage, Inc.*, 703 F.3d 436, 439 (8th Cir. 2013), *quoting Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). "'In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Id.*, *quoting Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). The particularity is necessary so that a defendant can "respond specifically and quickly to the potentially damaging allegations." *U.S. ex rel. Costner v. U.S.*, 317 F.3d 883, 888 (8th Cir. 2003).

Skala's allegations of fraud do not meet the particularity standard required by Rule 9(b). She mentions several incorrect Social Security numbers and asserts that her son's name was incorrect in some documents. But she does not identify specifically the notices that included the incorrect numbers or used the incorrect name. None of her claims can be construed as fraud. The court finds that Skala's complaint should also be dismissed under Rules 9(b) and 12(b)(6).

## MOTION TO STRIKE

The defendant has also filed a motion to strike the supplements filed by Skala after the defendant's motion to dismiss had been filed. (See Filing Nos. 20, 21). The supplements consist of a variety of documents, including materials from a workers' compensation claim, correspondence between Skala and former attorneys, and old medical and chiropractic treatment records and bills.

5

Having determined that the defendant's motion to dismiss should be granted, the court has no reason to further review the supplemental material submitted by Skala. The motion to strike will be granted.

## CONCLUSION

For the reasons discussed, the Court concludes that the defendant's motions to dismiss, to substitute, and to strike should be granted.

Accordingly,

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss and Motion to Substitute (Filing No. 18) is granted;

2. Defendant's Motion to Strike (Filing No. 22) is granted;

3. Plaintiff's Complaint (Filing No. 1) is dismissed; and

4. A separate judgment will be entered in accordance with this Memorandum and Order.

.

Dated this 23rd day of June, 2014

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge